1 | KELLY KLAUS (SBN 161091)
Kelly.Klaus@mto.com
2 | ROSE LEDA EHLER (SBN 296523)
Rose.Ehler@mto.com
3 | MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
4 | Los Angeles, California 90071
Telephone:   (213) 683-9100
5 | Facsimile:   (213) 687-3702

6 | LAUREN E. ROSS (*pro hac vice pending*)
Lauren.Ross@mto.com
7 | MUNGER, TOLLES & OLSON LLP
1155 F Street, NW, Seventh Floor
8 | Washington, D.C. 20004
Telephone:   (202) 220-1100
9 | Facsimile:   (202) 220-2300

10 | Attorneys for Plaintiffs

11

12 |            UNITED STATES DISTRICT COURT

13 |            CENTRAL DISTRICT OF CALIFORNIA

14 |                 WESTERN DIVISION

15

16 | DISNEY ENTERPRISES, INC.;
PARAMOUNT PICTURES
CORPORATION; AMAZON
17 | CONTENT SERVICES LLC;
WARNER BROS. ENTERTAINMENT
18 | INC.; UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP; UNIVERSAL
19 | CONTENT PRODUCTIONS LLC;
NETFLIX STUDIOS, LLC;
20 | COLUMBIA PICTURES
INDUSTRIES, INC.; and
21 | STUDIOCANAL S.A.S.,

22 |            Plaintiffs,

23 |       vs.

24 | TTKN ENTERPRISES, LLC d/b/a
CRYSTAL CLEAR MEDIA; TODD
25 | SMITH; and TORI SMITH,

26 |            Defendants.

27

28

Case No.  2:20-cv-07274-GW-JPR

**[PROPOSED] PRELIMINARY INJUNCTION**

Judge:         Hon. George H. Wu
Date:          September 17, 2020
Time:          8:30 a.m.
Courtroom: 9D

Filed concurrently herewith:
(1) Motion for Preliminary Injunction
(2) Declaration of Jan van Voorn
(3) Declaration of Steve Kang
(4) Declaration of Rose Leda Ehler

1    Upon reviewing the legal argument and evidence filed by Plaintiffs Disney

2  Enterprises, Inc., Paramount Pictures Corporation, Amazon Content Services LLC,

3  Warner Bros. Entertainment, Inc., Universal Studios Productions LLLP, Universal

4  Content Productions LLC, Netflix Studios, LLC, Columbia Pictures Industries, Inc.,

5  and Studiocanal S.A.S. (collectively, "Plaintiffs"), in support of their Motion for

6  Preliminary Injunction ("Motion"); and having reviewed legal argument and

7  evidence filed by Defendants TTKN Enterprises, LLC d/b/a Crystal Clear Media,

8  Todd Smith and Tori Smith (collectively, "Defendants") in opposition thereto; and

9  having reviewed all reply materials and all argument of counsel; the Court

10  HEREBY FINDS AND ORDERS as follows:

11    The standard for preliminary injunctive relief is met:

12    (1) Plaintiffs are likely to prevail on the merits of their claims that Defendants

13  are engaging in both direct and secondary infringement of Plaintiffs' copyrighted

14  works (the "Copyrighted Works").

15    (2) Plaintiffs are also likely to suffer irreparable harms if Defendants are not

16  enjoined, including interference with Plaintiffs' ability to control their Copyrighted

17  Works, interference with Plaintiffs' goodwill and relationships with licensees, harm

18  to the rapidly evolving market for online streaming services, and the creation of

19  consumer confusion about that market.

20    (3) The balance of hardships tips decidedly in Plaintiffs' favor.  The threat of

21  irreparable harm to Plaintiffs is substantial.  Defendants, in contrast, cannot claim

22  any legitimate hardship from being forced to desist from their infringing activities.

23    (4) The public interest also weighs in favor of issuing the preliminary

24  injunction because it is served by upholding Plaintiffs' control over their copyrights

25  and the legitimate marketplace.

26    Accordingly, Defendants—and all individuals who serve as Defendants'

27  officers, agents, servants, employees and attorneys, and other persons who are

28  acting in active concert or participation with Defendants, their officers, agents,

[PROPOSED] PRELIMINARY INJUNCTION

1  servants employees or attorneys—ARE HEREBY PRELIMINARILY

2  RESTRAINED AND ENJOINED as follows:

3       1.     Defendants will no longer directly or secondarily, infringe any of

4  Plaintiffs' Copyrighted Works through any means including publicly performing,

5  reproducing, or otherwise infringing in any manner (including without limitation by

6  materially contributing to or intentionally inducing the infringement of) any right

7  under 17 U.S.C § 106 in any of Plaintiffs' Copyrighted Works by continuing to

8  operate the CCM Platforms or by any other means.

9       2.     Defendants may not knowingly take any action for the purpose or that

10 has the effect of circumventing the requirements of the Preliminary Injunction.

11      IT IS FURTHER ORDERED that GoDaddy Inc. and One.com, the respective

12 domain name registrars for the mediahosting.one, crystalcleariptv.com,

13 ccmedia.one, ccbilling.org, cciptv.us, ccreborn.one, ccultimate.one,

14 superstreamz.com and webplayer.us domain names ("Infringing Domain Names"),

15 as well as all others who receive notice of the Court's order, are enjoined from

16 allowing the Infringing Domain Names to be modified, sold, transferred to another

17 owner, or deleted.  Such entities are further ordered to disable access to the

18 Infringing Domain Names.  As part of accomplishing this, these entities shall take

19 the following steps:

20      1.     Maintain unchanged the WHOIS or similar contact and identifying

21 information as of the time of receipt of this Order and maintain the Infringing

22 Domain Names with the current registrar;

23      2.     Prevent transfer of the Infringing Domain Names and any further

24 modification of any aspect of the domain registration records of the Infringing

25 Domain Names by Defendants or third parties at the registrar or by other means; and

26      3.     Preserve all evidence that may be used to identify the persons using the

27 Infringing Domain Names.

28

[PROPOSED] PRELIMINARY INJUNCTION

1    IT IS FURTHER ORDERED, that Plaintiffs may complete service of

2 process on Defendants and any Resellers known to be acting in concert of this Order

3 by Overnight Mail.  Upon receipt of a copy of this Order, these individuals and

4 entities shall cease directly or secondarily infringing any of Plaintiffs' Copyrighted

5 Works through any means including publicly performing, reproducing, or otherwise

6 infringing in any manner (including without limitation by materially contributing to

7 or intentionally inducing the infringement of) any right under 17 U.S.C § 106 in any

8 of Plaintiffs' Copyrighted Works by continuing to provide access to the CCM

9 Platforms or by any other means.

10

11 DATED:

12

13

14                                                    By: _____

15                                                         The Honorable George H. Wu
                                                          United States District Court Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PRELIMINARY INJUNCTION