UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; AMAZON CONTENT SERVICES LLC; WARNER BROS. ENTERTAINMENT INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CONTENT PRODUCTIONS LLC; NETFLIX STUDIOS, LLC; COLUMBIA PICTURES INDUSTRIES, INC.; and STUDIOCANAL S.A.S., <br><br>            Plaintiffs, <br><br>    vs. <br><br>TTKN ENTERPRISES, LLC d/b/a CRYSTAL CLEAR MEDIA; TODD SMITH; and TORI SMITH, <br><br>            Defendants. | Case No.  20-7274-GW-JPRx <br><br>**PERMANENT INJUNCTION** <br><br>Judge:       Hon. George H. Wu <br><br>Trial Date:  None Set |

# PERMANENT INJUNCTION

Plaintiffs Disney Enterprises, Inc., Paramount Pictures Corporation, Amazon Content Services LLC, Warner Bros. Entertainment Inc., Universal City Studios Productions LLLP, Universal Content Productions LLC, Netflix Studios, LLC, Columbia Pictures Industries, Inc., and Studiocanal S.A.S. (collectively "Plaintiffs") are entitled to a Permanent Injunction against Defendants TTKN Enterprises, LLC d/b/a Crystal Clear Media; Todd Smith; and Tori Smith and all of their officers, directors, agents, servants, and employees, and all persons in active concert or participation in privity with any of them (collectively, "Defendants").

Defendants are hereby RESTRAINED and ENJOINED as follows:

1. The following definitions shall apply:

    (a) "Crystal Clear Media service" shall refer to Defendants' dissemination (including without limitation by means of transmitting performances by internet streaming), and/or such dissemination by third parties at Defendants' direction or in concert with Defendants, of copyrighted content to internet users, for streaming, copying, recording, storing, or any other use of such content, as well as all related hardware, software, middleware or services that Defendants have ever marketed, promoted, sold, delivered, supported and/or utilized for such dissemination.

    (b) "Copyrighted Works" shall mean all copyrighted works (and any portions thereof) in which any Plaintiffs (or parent, subsidiary, or affiliate of any Plaintiff) owns or controls an exclusive right under the Copyright Act, 17 U.S.C. §§ 101 et seq.

2. Defendants, any affiliated companies, and all of their officers, directors, agents, servants, employees, and attorneys, and such other persons who are in active concert or participation or in privity with any of them:

  (a) Shall be permanently restrained and enjoined from infringing, by any means, directly or indirectly, any exclusive rights under the Copyright Act in the Copyrighted Works.

  (b) Shall cease all operation of the Crystal Clear Media service and shut down the Crystal Clear Media service entirely within five (5) days of entry of this Permanent Injunction.

  (c) Shall be further enjoined from operating any website, system, software, or service that is substantially similar to the Crystal Clear Media service.

  (d) Shall not directly or indirectly take any additional steps to release publicly, distribute, transfer, or give any source code, object code, other technology, domain names, trademarks, brands, assets or goodwill in any way related to the Crystal Clear Media service.

 3. This Permanent Injunction shall not apply to any use of any Copyrighted Work as to which Defendants are at the time in question authorized Licensees for such use under a written license from the owner of the relevant exclusive right(s) to such Copyrighted Work.

 4. Defendants irrevocably and fully waive notice of entry of the Permanent Injunction, and understand and agree that violation of the Permanent Injunction will expose Defendant to all penalties provided by law, including contempt of Court.

 5. Defendants will give notice of this Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them.

 6. Defendants consent to the continuing jurisdiction of the Court for purposes of enforcement of the Permanent Injunction, and irrevocably and fully

waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

IT IS SO ORDERED.

DATED: November 12, 2020

By: *George H. Wu*
Honorable George H. Wu
United States District Judge